BANKERS' & TRADERS' BUILDING & LOAN ASSOCIATION *v.* ELLIOTT BUILDING & LOAN ASSOCIATION
[No. 37, October Term, 1934.]

462

*Decided November 2nd, 1934.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, PARKE, and SLOAN, JJ.

*William Reisfeld,* for the appellant.

*John Holt Richardson,* for the appellee.

ADKINS, J., delivered the opinion of the Court.

The sole question in this case is whether the trial court erred in withdrawing the case from the jury on the plea of limitations.

The facts of the case, briefly stated, were as follows:

In December, 1928, a woman representing herself as Blanche May Glenn Glasco, through Mortimer E. Bell, a real estate and loan broker, applied for a loan of $450 on a second mortgage on property No. 934 North Gilmor Street, Baltimore. The application was submitted to the Elliott Building & Loan Association, which made the loan, and the mortgage executed by the applicant, who impersonated the person who owned the property. In December, 1929, the same woman came into Mr. Bell's office for the purpose of securing a new mortgage on the same property for $800, out of which was to be paid to the Elliott Building & Loan Association the balance due on the previous mortgage. The appellant agreed to make said loan and thereafter, on December 16th, 1929, the new mortgage was executed by the applicant to the ap-

pellant, which through its attorney paid to the appellee the sum of $376.30 for a release of the prior mortgage. On December 23rd, 1932, the appellant received information from an attorney representing the real Blanche May Glenn, the owner of the property, that neither of said mortgages had been executed by her, but had been executed by her sister, who forged her signature. Thereafter on February 20th, 1933, the appellant filed suit against the appellee for the sum paid it for the release of its mortgage. To the declaration the defendant filed the two general issue pleas and a third plea, that the alleged cause of action did not accrue within three years prior to the filing of the suit, on which plea the plaintiff joined issue. There was no evidence in the case to show that defendant had any knowledge of the fraud, or had any reason to suspect that the woman, who was introduced by a reputable broker, was not the person she represented herself to be. The court granted a prayer that "there is no evidence in this case legally sufficient to show that the alleged cause of action accrued within three years prior to the filing of the suit, and that the verdict must be for the defendant."

This appeal is from the judgment on a verdict for the defendant.

By Code, art. 57, sec. 14, Act of 1868, ch. 357, it is provided: "In all actions where a party has a cause of action of which he has been kept in ignorance by the fraud of the adverse party, the right to bring suit shall be deemed to have first accrued at the time at which such fraud shall or with usual or ordinary diligence might have been known or discovered."

The appellant relies on this statute. In its brief it quotes from *Wear v. Skinner*, 46 Md. 265, and *Reeder v. Lanahan*, 111 Md. 384, 74 A. 575, "that where a party has been injured by the fraud of another, and such fraud is concealed, or is of such character as to conceal itself, whereby the injured party remains in ignorance of it without any fault or want of diligence on his part, the bar of the statute does not begin to run until the fraud

is discovered, although there be no special circumstances or efforts on the part of the party committing the fraud to conceal it from the other party." Of course the appellant recognizes that under the statute the fraud must be on the part of the adverse party, and it indulges in some rather ingenious reasoning to bring the appellee within the language of the statute. The argument runs that appellant relied upon the notice furnished by the record that appellee was the holder of a mortgage and paid for the release of a mortgage which in fact appellee never had; that appellee's constructive fraud consisted in representing that it knew that of which it was ignorant, a fact which it could have verified by the exercise of reasonable diligence; that it admitted that the amount paid by appellant was the actual amount still due on the first mortgage, whereas there was nothing due, the mortgage being a forged mortgage. The argument answers itself, because, if defendant by the exercise of reasonable diligence could have discovered that the mortgage was a forgery, then the plaintiff by the exercise of the same diligence could have made the same discovery, and therefor is excluded from the benefit of the act by its express terms. *Wilson v. Le Moyne* (C. C. A.) 204 Fed. 726, 730.

It will be found, upon an examination of the cases in Maryland where the statute has been found applicable, that the fraud complained of was a moral wrong, and not an act without any element of wrong-doing on the part of the defendant. *Wear v. Skinner*, 46 Md. 264; *State v. Henderson*, 54 Md. 332; *New England Mut. Life Ins. Co. v. Swain*, 100 Md. 572, 60 A. 469; *Peoples v. Ault*, 128 Md. 401, 97 A. 711.

But this is not even a case of constructive fraud. It cannot be said, on the record in this case, that, because the defendant failed to make further inquiry as to the identity of the applicant, after the introduction by a broker against whose good repute no question is raised (if it did so fail, and that does not appear), it was omitting any duty which it owed to the public. Defendant's mortgage was not even purchased by the plaintiff, and

the fact that it appears on the record had nothing to do with the loan made by it. No representations were made by the defendant to the plaintiff except that, when defendant was asked for a release of its mortgage, plaintiff was told the balance due. That was in no sense a misrepresentation, because there was a debt due the defendant by the person who got its money, even if the security failed. In fact, part of the debt had been paid. Besides, the information was given in entire good faith to one who was seeking, not to purchase the mortgage, but to clear the record. What appellant paid for was the clearing of the record by a release. If defendant's mortgage had not appeared on the record, the entire $800 lent the imposter would have been paid her. When plaintiff paid part of it to the defendant, he paid it as agent of the wrongdoer out of the loan to her so that the loan could be made. How can it be said then that plaintiff was misled to his injury by anything that defendant did? Or how can it be said that the fraud perpetrated by the mortgagor could not have been discovered as readily by the plaintiff as by the defendant?

*Judgment affirmed, with costs to appellee.*